IN THE UNITED STATES DISTRICT COURT
OF ALABAMA
SOUTHERN DIVISION

TYRENE D. MACK
    PETITIONER

VS.

WILLIE THOMAS, WARDEN
    RESPONDANT

CASE NO: 2:05CV1073-T

## MEMORANDUM IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW, PETITIONER, TYRENE D. MACK IN PURSUANT TO 28 U.S.C SEC. 2254. OFFERING HIS MEMORANDUM IN SUPPORT OF HIS REQUEST FOR WRIT OF HABEAS CORPUS RELIEF.

### HISTORY

PETITIONER WAS INDICTED BY THE GREENE COUNTY GRAND JURY FOR MURDER ON AUGUST 9, 1999. PETITIONER'S FIRST TRIAL ENDED IN A MISTRIAL ON JUNE OF 2001

PETITIONER WAS SUBSEQUENTLY RETRIED IN JUNE OF 2002 AND WAS CONVICTED OF A LESSER INCLUDED OFFENSE [MANSLAUGHTER] AND SENTENCED TO FOURTEEN (14) YEARS IN THE DEPARTMENT OF CORRECTIONS.

PETITIONER FILED FOR REDUCTION OF SENTENCE IN THE GREENE COUNTY CIRCUIT AND RECEIVED NO RESPONSE FROM THE DISTRICT ATTORNEY OR ACKNOWLEDGEMENT FROM THE CLERK OR THE EXISTENCE OF HIS ACTION.

PETITIONER RETAINED COUNSEL [JOHN BIVENS], FAILED TO TIMELY FILE FORMAL NOTICE OF APPEAL AND PETITIONER'S APPEAL WAS TIME BARRED.

1.

PETITIONER FILED FOR OUT OF TIME APPEAL AND WAS GRANTED LEAVE BY HONORABLE JUDGE HARDAWAY ON FEBRUARY 11,2004.

PETITIONER FILE A MOTION FOR A NEW TRIAL AND WAS DENIED ON NOVEMBER 15,2002.

R.BRIAN SMITH,ATTORNEY FOR PETITIONER ON APPEAL FILED A BRIEF EXCLUDING PETITIONER'S APPEAL ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL,WHICH IS AND WAS A KEY POINT IN ESTABLISHING CONSTITUTIONAL VIOLATIONS THAT STEMED FROM TRIAL COUNSEL[BIVENS]ADMISSION IN HIS OBJECTION TO PROCEED TO TRIAL THAT HE FILED WITH THE COURT ON JUNE 5,2002 STATING THAT HE**"WOULD NOT BE ABLE TO RENDER EFFECTIVE COUNSEL"**,IF THE CASE WENT TO TRIAL.

MR.SMITH APPELANT COUNSEL WAS AWARE OF MR.BIVENS **SHORTSIGHTEDNESS** IN HIS PERFORMANCE INCLUDING,BUT NOT LIMITED TO HIS[BIVENS]**ACCEPTING RETAINER** ON TWO SEPERATE OCCASIONS FOR THE TWO TRIALS AND TRYING TO DETER PETITIONER'S APPEAL AND POSSIBLE POST CONVICTION RELIEF SOURCES.

PETITIONER'S COUNSEL ON APPEAL SUBMITTED HIS BRIEF PRESENTING THE FOLLOWING ISSUE;

1].THAT TRIAL COURT COMMITTED REVERSIBLE ERROR BY CHARGING THE JURY WITH AN INSTRUCTION FOR MANSLAUGHTER,BECAUSE THAT CHARGE WAS CONTRARY TO THE LAW AND THE FACTS OF THE CASE.

2].THAT THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING HIS MOTION FOR JUDGMENT OF ACQUITTAL ON THE MANSLAUGHTER CHARGE.

3].THAT THE STATE DID NOT ENGAGE IN A GOOD FAITH EFFORT TO LOCATE **JOE NORMAN**.

4].THAT THE ADMISSION OF **JOE NORMAN'S** DEPOSITION VIOLATED **MACK'S** SIXTH(6)AMENDMENT RIGHTS.

PETITIONER'S RULE 32 WAS SET IN ABEYANCE WHILE THE DIRECT APPEAL WAS BEING HEARD.THE COURT AFFIRMED THE LOWER COURT'S CONVICTION ON OCTOBER 22,2004.CERTIFICATE OF JUDGMENT ISSUED ON JANUARY 7,2005.

THE CIRCUIT COURT WAS NOTIFIED THAT THEY(IT)WAS FREE TO ACT ON THE RULE 32.

THE PETITIONER HAS NOT RECEIVED A RESPONSE FROM THE STATE SINCE THE ORIGINAL FILING OF HIS RULE 32 NOR HAS HE RECEIVED ACKNOWLEDGEMENT OF ANY SUBSEQUENT MOTION FILED PURSUANT TO THE RULES OF CRIMINAL PROCEDURE.PETITIONER HAS EXHAUSTED HIS AVENUES CONCERNING HIS RULE 32 TO TRY AND OBTAIN A RESPONSE,RULING OR ACKNOWLEDGEMENT OF HIS EFFORTS.

PETITIONER FILED FOR WRIT OF CERTIORAI,WHICH WAS DENIED BY THE SUPREME COURT OF ALABAMA ON HIS DIRECT APPEAL AFFIRMATION.AS PETITIONER FILES THIS ACTION,HIS RULE 32 REMAINS UNRESOLVED,UNANSWERED AND NO ACKNOWLEDGEMENT BY THE STATE OR COURTS THAT IT EXISTS.

PETITIONER FILES HIS ACTION IN THE FEDERAL COURT SEEKING RELIEF PURSUANT TO **U.S.C RULES AND CODES** THAT GOVERN AND ESTABLISH VENUES FOR REVIEWING CASES WHERE STATE INMATES ARE BEING HELD AS A RESULT OF CONSTITUTIONAL VIOLATIONS BY THE STATE.

PETITIONER'S APPEAL CONTAINED THE FOUR ISSUE HEREIN AND ISSUES ONE,THREE,AND FOUR WERE DECLARED PROCEDURELY BARRED,BECAUSE THEY WERE NOT RAISED AT TRIAL.THE ISSUES WERE NOT ATTACKED BY TRIAL COUNSEL AND BY REFUSING TO ATTACK THE CONVICTION,USING INEFFECTIVE ASSISTANCE OF COUNSEL,APPELLANT COUNSEL DENIED PETITIONER THE PRIMARY ISSUES AND THUS PREJUDICED HIS APPEAL PROCESS BY LIMITING HIS REVIEW TO ONE POINT OF LAW.

### INEFFECTIVE ASSISTANCE OF COUNSEL

PETITIONER SUPPORT HIS CLAIM WITH THE FOLLOWING FACTS,ARGUMENTS AND CASE LAW.PETITIONER MEETS THE TWO PRONG STANDARD SET BY <u>STRICKLAND VS.WASHINGTON</u> AS SHOWN HEREIN.SEE EXHIBITS(B)(C),PG. 256/257,265 TO 268.
A].OBJECTION TO PROCEEDING TO TRIAL[BIVENS]TRIAL COUNSEL.SEE PG 1.

TRIAL COUNSEL WAS INEFFECTIVE IN ALLOWING THE TAKING OF THE DEPOSITION OF[**JOE NORMAN"TWIN"**]WITHOUT **THE PRESENCE OF THE PRESIDING JUDGE.** RULE 16.6 OF THE ALABAMA RULES OF CRIMINAL PROCEDURES AND SECTION 12-21-264 OF THE CODE OF ALABAMA BOTH PERTAIN TO DEPOSITION IN CRIMINAL

3.

CASES.SECTION 12-21-264 STATES THE DEPOSITION **SHALL** BE TAKEN BEFORE THE JUDGE.THE RECORDS REFLECTS THAT THE JUDGE WAS NOT PRESENT DURING DEPOSITION.TRIAL COUNSEL ENTERED INTO AN AGREEMENT WITH THE STATE WITHOUT CONFERING WITH THE PETITIONER EXPLAINING THE PROCEDURES COVERING A DEPOSITION AND HOW IT COULD WAIVE HIS RIGHTS TO CONFRONT- ATION PROTECTED BY THE CONSTITUTION.

TRIAL COUNSEL THEN FAILED TO OBJECT WHEN THE STATE INTRODUCED THE DEPOSITION AND ALLOWED IT TO BE READ INTO RECORD,KNOWING THAT [**NORMAN'S**]WHEREABOUTS WAS KNOWN BY THE PROSECUTION.TRIAL COUNSEL ALLOWED THE PROSECUTION TO PLACE DISTRICT ATTORNEY[**MR.WATKINS**]ON THE STAND WITHOUT DEFENSE COUNSEL BEING ALLOWED TO CROSS-EXAMINE. **BIVENS**,TRIAL COUNSEL OFFERED NO OBJECTIONS TO THE ABOVE ISSUES.THIS FAILURE RESULTED IN THREE OF THE FOUR APPEAL GROUNDS TO BE PROCED- URELY BARRED.TRIAL COUNSEL FAILED TO TIMELY FILE NOTICE OF APPEAL FORCING PETITIONER TO APPLY FOR OUT-OF-TIME APPEAL.

TRIAL COUNSEL FAILED TO ENTER EVIDENCE CONCERNING THE DOCUMENTED CONDITION OF THE PETITIONER BEING PARANOID SCHIZOPHENIA,PTT.S.D. FROM DESERT STORM ERA.

TRIAL COUNSEL FAIL TO SUBPEONA **SUSIE GILBERT,ALIBI WITNESS** IN PETITIONER'S FIRST TRIAL,WHOSE TESTIMONY WAS FUNDAMENTAL IN THE MISTRIAL HUNG JURY DECISION.

**BIVENS** INEFFECTIVENESS HAS VIOLATED CONSTITUTIONALLY PROTECTED RIGHTS WHICH PREJUDICED HIS RIGHT TO DUE PROCESS AND EFFECTIVE COUNSEL.

TRIAL COURT ERRED BY ALLOWING WITNESS DEPOSITION TO BE READ INTO RECORDS.

THE TRIAL COURT ABUSED IT'S DESCRETION AND VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS WHEN IT ALLOWED THE KEY STATE WITNESS DEPOSITION TO BE PRESENTED TO THE JURY WHEN THE WITNESS WAS NOT DEPOSED ACCORDING TO RULES OF CRIMINAL PROCEDURES AND CODE OF ALABAMA. ALSO,THE COURT DID NOT REQUIRE THE PROSECUTION TO SHOW PROOF OF IT'S EFFORT TO SECURE **NORMAN[WITNESS]**PRESENCE.

AS THE RECORD SHOWS, **NORMAN** WAS GIVEN SPECIAL CONSIDERATION CONCERNING PENDING FELONY CHARGES FOR HIS COOPERATION. NORMAN WAS IN CUSTODY JUST PRIOR TO PETITIONER'S; **SEE EXHIBIT(C)PGS 265,266,267,268** TRIAL AND PROSECUTION ALLOWED HIS RELEASE WHEN HE WAS THE STATES KEY WITNESS. IN U.S VS.SMITH 77F 3d 511(DC.CIR.1996) THE PROSECUTION FAILED TO DISCLOSE THAT THE WITNESS COOPERATION AGREEMENT INCLUDED DISMISSAL OF TWO FELONIES...PETITIONER HAS NO KNOWLEDGE OF THE DETAILS OF THE AGREEMENT BUT ANY REASONABLE THINKING ADULT WILL SURMISE THAT NORMAN WAS AN IMPORTANT WITNESS WITH FELONY CHARGES. WHO WAS IN JAIL JUST PRIOR TO PETITIONER'S TRIAL AND BY [LOSING] NORMAN AS THE STATE CONTENDS, HIS DEPOSITION WOULD BE HEARD AND DEFENSE WOULD LOSE IT'S CROSS EXAMINATION RIGHTS AND PETITIONER LOSES HIS RIGHT TO CONFRONTATION. IF THE COURT WAS NOT AWARE OF ALL THE FACT, THEN IT WOULD SEEM THAT IT WOULD REQUIRE MORE INVESTIGATION BEFORE CONTINUING THE TRIAL. CASTING TOTAL BLAME ON DEFENSE IS ERROR. THE RESPONSIBLITY FALLS ON THE COURT AND PROSECUTION, AS WELL AS DEFENSE COUNSEL TO SEE THAT THE DEFENDANT HAS A FAIR AND IMPARTIAL TRIAL. THE COURT ALLOWED A CHAIN OF EVENTS THAT BARRED PETITIONER'S RIGHT TO DUE PROCESS AND RIGHT TO CONFRONTATION.

## ARGUMENT

THE TRIAL COURT'S RULING THAT THE JURY SHOULD BE INSTRUCTED AS TO THE CRIME OF MANSLAUGHTER, A LESSER INCLUDED OFFENSE OF MURDER, SHOULD BE REVERSED SINCE IT WAS CONTRARY TO THE LAW AND FACTS INTRODUCED AT TRIAL.

IT IS NOT ALWAYS PROPER TO CHARGE SOMEONE OF A LESSER INCLUDED OFFENSE WHEN THEY STAND TRIAL FOR A GREATER OFFENSE. CHAVERS VS.STATE, 361 so.2d 1106,1107(ALA 1978). A LESSER INCLUDED OFFENSE INSTRUCTION SHOULD BE GIVEN TO THE JURY WHEN THE EVIDENCE PRESENTS A REASONABLE THEORY WHICH WOULD SUPPORT THE POSITION. FULGHUM VS.STATE,277 SO 2d 886,890(ALA.1973)(CITING STOVALL VS.STATE,42 SO 2d 636(ALA.CRIM.APP 1949)."WHERE IT IS CLEAR TO THE JUDICIAL MIND" THAT THE EVIDENCE DOES NOT TEND TO BRING THE OFFENSE WITHIN SOME PARTICULAR DEGREE,IT IS UNNECESSARY AND IMPROPER TO CHARGE THE JURY ON THAT OFFENSE. FULGHUM VS.STATE,277 SO.2d 886,890(ALA.1973). IT IS PROPER FOR A COURT TO REFUSE TO INSTRUCT THE JURY ON A CHARGE WHEN IT IS CLEAR

THAT THE EVIDENCE DOES NOT BRING THE OFFENSE WITHIN THE DEFINITION OF THE LESSER OFFENSE,OR WHEN THE REQUESTED CHARGE WOULD MISLEAD OR CONFUSE THE JURY.<ins>LAMI VS.STATE</ins>,180 SO 2d 279,280(ALA.CRIM.APP 1965). "A CHARGE THAT AN INDICTMENT INCLUDES A LESSER OFFENSE,WHEN THERE IS ADDED TO IT THE FURTHER INSTRUCTION THAT THE JURY HAS AUTHORITY TO FIND THE DEFENDANT GUILTY OF THE LESSER OFFENSE,SHOULD BE REFUSED UNLESS(1)THE CHARGE DEFINES THE OFFENSE,(2)IS BASED ON A CONSIDERATION OF ALL THE EVIDENCE,AND(3)SETS OUT THE DEGREE OF PROOF NECESSARY TO ESTABLISH THE OFFENSE".<ins>LAMI VS.STATE</ins>,180 SO.2d 279,282(ALA.APP. 1965).WHEN THE EVIDENCE PRESENTED DOES NOT TEND TO SHOW THAT THE LESSER INCLUDED OFFENSE WAS COMMITTED,IT IS ERROR TO INSTRUCT THE JURY AS TO THAT OFFENSE BECAUSE THERE IS A DANGER THAT THE JURORS WILL BECOME CONFUSED.<ins>EX PARTE HANNAH</ins>,527 SO 2d 675,677(ALA.1988). WHEN THE EVIDENCE CLEARLY SHOWS APPELLANT EITHER IS GUILTY OF THE OFFENSE CHARGED OR INNOCENT,THE CHARGE ON A LESSER INCLUDED OFFENSE IS NOT NECESSARY OR PROPER.**BRECKENRIDGE VS.STATE**,628 SO 2d 1012,1017 (ALA.CRIM.APP.1993).AN ACCUSED IS NOT ENTITLED TO A CHARGE ON A LESSER INCLUDED OFFENSE WHEN HE DENIES COMMITTING THE CRIME ITSELF AND THE STATE'S EVIDENCE DOES NOT SUPPORT SUCH A CHARGE.<ins>DILL VS.STATE</ins>, **600 SO 2d 343(ALA.CRIM.APP.1991),AFFIRMED 600 SO 2d 372,REHEARING DENIED,CERTIORARI DENIED 113 S.CT,1293,507 U.S.924,122 L.ED.2d 684, DENIAL OF POST CONVICTION RELIEF REMANDED 717 SO.2d 826,OPINION AFTER REMAND.**THE JURY IN MR.MACK'S TRIAL CONVICTED HIM UNDER AN INSTRUCTION THAT THEY NEVER SHOULD HAVE HEARD,BECAUSE THE EVIDENCE PRESENTED AGAINST HIM WAS DIRECTED AT PROVING MURDER,NOT MANSLAUGHTER. IN ORDER TO PROVE MURDER,THE STATE MUST SHOW THAT MR.MACK INTENDED TO KILL THE VICTIM.IN PURSUIT OF THIS GOAL THE DISTRICT ATTORNEY PRESENTED FOUR WITNESSES.TWO OF THESE WITNESSES,**WALTER BECK AND JOHNNY TUBBS**,WERE LAW ENFORCEMENT OFFICIALS WHO TESTIFIED IN THEIR CAPACITY AS SUCH AS TO STATEMENTS TAKEN FROM MR.MACK AND OTHER WITNESSES,AND THEIR INDIVIDUAL DEGREES OF RELEVANCE AND BELIEVABILITY. THEIR TESTIMONY CONSISTED OF MR.MACK'S ALIBI THAT WAS GIVEN TO THE ALABAMA BUREAU OF INVESTIGATION,MR.MACK'S INTERACTION AND RELATIONSHIP WITH OTHER WITNESSES,AND THE PHYSICAL CHARACTERISTICS OF THE CRIME SCENE.THE TESTIMONY OF **BECK AND TUBBS** DID NOT ADDRESS THE INTENTIONS OF MR.MACK AT THE TIME THE VICTIM WAS SHOT,AND THEREFORE COULD NOT

6.

HAVE CREATED A REASONABLE THEORY WHICH WOULD SUPPORT A CONVICTION OF MANSLAUGHTER OR MURDER. THEY SIMPLY SET OUT TO SHOW THAT MR. MACK WAS INVOLVED WITH THE VICTIM'S DEATH.

THE TWO OTHER WITNESSES WERE **RICKY SCOTT AND JOE NORMAN**, BOTH OF WHOM WERE AT THE SCENE WHEN THE VICTIM WAS KILLED. **RICKY SCOTT** TESTIFIED THAT HE SAW MR. MACK COMES OUT OF THE SHED WITH A GUN IN HIS HAND AFTER HE HEARD A SHOT. (R.349-350) THIS EVIDENCE DOES NOT TEND TO SHOW THAT MR. MACK INTENTIONALLY MURDERED THE VICTIM OR THAT HE WAS RECKLESS WITH THE GUN AND KILLED THE VICTIM (i.e. **THAT HE COMMITTED MANSLAUGHTER**), IT SIMPLY GOES TO THE PROSECUTION'S POINT THAT MR. MACK WAS RESPONSIBLE FOR THE DEATH OF THE VICTIM. JOE NORMAN, THE STATE'S STAR WITNESS, TESTIFIED IN A DEPOSITION THAT HE SAW MR. MACK PUT A GUN TO THE VICTIMS HEAD AND PULL THE TRIGGER (R.277). ACCORDING TO JOE NORMAN, THAT GUN DID NOT FIRE BUT INSTEAD MADE A CLICKING NOISE, AND IT WAS AT THIS TIME THAT MR MACK PUT A SECOND GUN TO THE HEAD OF THE VICTIM AND DELIVERED THE FATAL SHOT (R.276-277). THIS EVIDENCE IS DIRECTED AT PROVING INTENTIONAL MURDER AS DEFINED IN **SECTION 13A-6-2(A)(1) OF THE ALABAMA CODE**. THE ONLY WITNESS THAT WAS IN A POSITION TO CONFIRM OR DENY THE INTENTIONAL NATURE OF THE KILLING, [**JOE NORMAN**] TESTIFIED THAT THE ACTION HE OBSERVED WAS INTENTIONAL. FURTHERMORE, THE DISTRICT ATTORNEY HIMSELF STATED AT THE SENTENCING OF MR. MACK, "WE INTENDED TO AND WISHED WE COULD HAVE," PROVEN INTENTIONAL MURDER. (R.631). THEREFORE, IT WAS ERROR TO INSTRUCT THE JURY ON MANSLAUGHTER WHEN THE EVIDENCE PRESENTED DID NOT TEND TO SHOW THAT THE LESSER INCLUDED OFFENSE WAS COMMITTED. THE EVIDENCE PRESENTED BY MR. MACK DID NOT CREATE SUFFICIENT SHOWING OF RECKLESSNESS IN THE ACTIONS OF MR. MACK TO WARRANT AN INSTRUCTION ON MANSLAUGHTER. THE DEFENSE IN THIS CASE PRESENTED THREE WITNESSES, TWO WITNESS WHO WERE AT THE SCENE OF THE CRIME, AND MR. MACK. ALL THREE OF THESE WITNESSES TESTIFIED THAT MR. MACK WAS NOT THE VICTIM'S MURDERER BECAUSE HE WAS OUTSIDE OF THE SHED WHERE THE VICTIM WAS SHOT WHEN THE DEADLY BULLET WAS FIRED, THEREFORE NONE OF THE EVIDENCE PRESENTED BY THE DEFENSE CREATED A SUFFICIENT THEORY UPON WHICH TO INFER THAT AN INSTRUCTION ON MANSLAUGHTER WAS NEEDED

IN CONCLUSION, IT IS CLEAR THAT SUFFICIENT EVIDENCE WAS NOT PRESENTED TO CREATE A BASIS FOR A MANSLAUGHTER CHARGE, OR TO SHOW THAT THE CRIME OF MANSLAUGHTER WAS COMMITTED, AND THEREFORE THE RULING OF THE TRIAL COURT TO MAKE SUCH AN INSTRUCTION SHOULD BE OVERRULED.

THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR BY DENYING MR. MACK'S MOTION FOR A JUDGMENT FOR ACQUITTAL AS TO THE MANSLAUGHTER CHARGE, BECAUSE THE EVIDENTIARY SUPPORT FOR SUCH A CHARGE WAS INSUFFICIENT TO SUPPORT A FINDING OF GUILT BEYOND A REASONABLE DOUBT.

ACCORDING TO RULE 20.1 OF ALABAMA RULES OF CRIMINAL PROCEDURE, THE SHOULD GRANT A DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL, OR DIRECT THE ENTRY OF SUCH A JUDGMENT ON IT'S ON MOTION AS TO AN OFFENSE OR A LESSER INCLUDED OFFENSE, WHEN THE EVIDENCE PRESENTED AT TRIAL IS INSUFFICIENT TO SUPPORT A FINDING OF GUILTY BEYOND A REASONABLE DOUBT. A MOTION FOR A JUDGMENT OF ACQUITTAL SHOULD BE GRANTED WHEN THERE IS NOT SUBSTANTIAL EVIDENCE TENDING TO PROVE THE CHARGE OR THE JURY COULD NOT BY FAIR INFERENCE FIND THE ACCUSED GUILTY BEYOND A REASONABLE DOUBT. **WILLCUT VS. STATE**, 226 SO 2d 328, 330 (ALA.1969). THE COURT SHOULD INTER A JUDGMENT OF ACQUITTAL UNDER ITS OWN AUTHORITY WHEN THE EVIDENCE RAISES A MERE SUSPICION, OR WHEN VIEWING THE EVIDENCE IN A LIGHT MOST FAVORABLE TO THE STATE, THE DEFENDANT'S GUILT IS UNCERTAIN OR BASED ON CONJECTURE AND SUSPICION. **JONES VS. STATE**, 481 SO 2d 1183, 1186 (ALA.CRIM.APP.1985). TRIAL COUNSEL FOR MR. MACK FILED SUCH A MOTION AT THE CLOSE OF THE EVIDENTEARY PROCEEDINGS OF THIS CASE AND IT WAS WRONGFULLY DENIED BY THE COURT. THE EVIDENCE THAT MR MACK RECKLESSLY CAUSED THE DEATH OF ANOTHER IS SEVERELY LACKING. THE TWO VARYING ACCOUNTS OF THE INCIDENT ARE (1) THAT MR. MACK PUT A GUN TO THE VICTIMS HEAD AND PULLED THE TRIGGER, INTENTIONALLY KILLING HIM, OR (2) THAT MR. MACK DID NOT KILL THE VICTIM AT ALL, AND IN FACT IT WAS **JOE NORMAN** WHO KILLED THE VICTIM. NEITHER OF THESE ACCOUNTS IMPLIES THE RECKLESSNESS NECESSARY, OR ANY OTHER FAIR INFERENCE THAT MANSLAUGHTER WAS COMMITTED. EVEN WHEN VIEWED IN A LIGHT MOST FAVORABLE TO THE STATE THE EVIDENCE IS NOT SUBSTANTIAL, AND IS CERTAINLY NOT SUBSTANTIAL ENOUGH TO ALLOW THE JURY TO INFER GUILT BEYOND A REASONABLE DOUBT.

THEREFORE, THE COURT SHOULD HAVE GRANTED THE DEFENSE'S MOTION, AND ACQUITTED MR. MACK OF MANSLAUGHTER, THEREBY PREVENTING FROM THE JURY EVER HEARING THE MANSLAUGHTER CHARGE.

IN STONE VS. POWELL, 428 U.S. 465, 494-495 sS.N 37(1976) "STATE MUST AFFORD PETITIONER A FULL AND FAIR HEARING ON HIS FEDERAL CLAIM, OR ESLE, FEDERAL REHEARING OF FACTS IS REQUIRED".

PETITIONER RESPECTFULLY REQUEST FOR REVIEW UNDER WRIT OF HABEAS CORPUS SINCE THE LOWER COURTS, AND THE PROSECUTION HAVE SEEMINGLY IGNORED HIS RULE 32 WITH MULTIPLE CONSTITUTIONAL VIOLATIONS FOR MORE THAN EIGHT MONTHS NOT DISCOUNTING IT'S ORIGINAL FILING DATE OF AUGUST, 2004. WHICH CONSTITUTES MORE THAN ONE YEAR.

PETITIONER SUBMITTS HIS PETITION RESPECTFULLY AND SEEKS RELIEF THAT WILL REQUIRE THE LOWER COURT TO CORRECT IT'S ERROR, TAKE INTO CONSIDERATION THE RELIEF CONSIDERATION INCLUDED IN HIS RULE 32 AMENDMENT AND RESOLVE THE ISSUE[S] IN A MANNER THAT IS JUST AND FAIR AS DEEMED PROPER BY THIS COURT

*Tyrene D. Mack* date 10-26-05
TYRENE D. MACK #224475
P.O BOX 8 B2-132
ELMORE, AL. 36025