IN THE CIRCUIT COURT OF GREENE COUNTY
STATE OF ALABAMA

STATE OF ALABAMA,      )

                              )

v.                            )

                              )

TYRENE MACK,         )

               DEFENDANT.    )     CASE #: CC 99-45, 2001-79

CRIMINAL DIVISION

FILED

JUN - 5 2002

JOHNNIE M. KNOTT
CIRCUIT AND DISTRICT COURT CLERK
GREENE COUNTY, ALABAMA

## OBJECTION TO PROCEEDING TO TRIAL

COMES NOW Attorney John A. Bivens, counsel for the Defendant Tyrene Mack, and hereby objects to the proceeding of the above-styled matters to Trial on Monday, June 24, 2002, and says as grounds the following:

1.    Preparation for Trial on these cases has been made impossible by the Defendant refusing to neither communicate nor meet with his counsel.

2.    Defendant's appearance at the Motions Docket was the first time the Defendant has met or talked with his counsel since the last Trial docket of case #CC 99-45.

3.    Because of the Defendant's blatant refusal to aid counsel in his defense, counsel requested to be allowed to withdraw from representation but the court denied his request.

4.    Proceeding to Trial at this time, under the above stated circumstances, would render counsel unable to effectively represent the Defendant.

5.    Effective and complete preparation for Trial in these matters would require counsel being given additional time, since the Defendant is not presently aiding in his own defense.

6.    Counsel for the Defendant will be in Trial for two of the three weeks prior to the start of this trial (criminal docket beginning on June 3, 2002 and civil docket beginning on June 10, 2002) and this schedule will not allow counsel enough time to prepare these cases for Trial.

SUBMITTED on this the _____ day of **June, 2002.**

JOHN A. BIVENS, P.C.

Exhibit B -256-

2

THE COURT:  The Court is calling the case of State of Alabama vs. Tyrene Mack.

(Side bar discussion):

MR. BIVENS:  The first thing is, Judge, I renew the motion I filed to withdarw from the case.  This is the first time I've seen Mr. Mack since we were back in court.  I'm here, and I want to put that on the record.

THE COURT:  Motion denied.

MR. BIVENS:  Second, I refiled the motion for production and the motion to suppress that was filed in the case that went to a hung jury.  And I assume that the Court is familiar with the motion to suppress and the motion for production and that on the production what the Court would do is concur that as far as any production that's been provided prior to today, I have that.  But if there's something else that's come up since then, I don't have it.  And I would object to the admissibility of anything since then.

THE COURT:  Anything else?

MR. GRIGGERS:  There's nothing to my knowledge that we have or will use that would not have been produced to Mr. Bivens.  There's probably nothing that he didn't see in the first

Exhibit **B** -257-

3

1   trial.  As far as the statement of the defendant,

2   are we going to argue that now or before we try

3   the case?

4        THE COURT:  Before the trial.  All right.

5        MR. BIVENS:  I think in terms of what was the

6   stipulation --

7        MR. GRIGGERS:  I'll say this on behalf of the

8   State and this is something that Mr. Bivens is

9   aware of so there's no confusion.  In the first

10  trial we had the witness we couldn't get, and we

11  took his deposition.  I don't know at this time

12  whether he's been served with a subpoena, but we

13  have a stiuplation and an agreement with respect

14  to that deposition that that is not a suprise.

15       MR. BIVENS:  That that is not a suprise.

16       THE COURT:  All right.

17       MR. BIVENS:  Thank you.

18       THE COURT:  Y'all approach.

19       (Discussion held at the bench off the

20  record.)

21       THE COURT:  The Court is calling the case of

22  State of Alabama vs. Tyrene Mack.

23       (Voir Dire of venire started.)

24       THE COURT:  Mr. Griggers, are you at a point

25  to stop?

Exhibit C-265

11

1    has no relationship to the case might give a bad

2    appearance.  If they fail to greet you or converse

3    with you, it will be due to this rule.

4          Any objection to the Court's preliminary

5    remarks from the State?

6          MR. GRIGGERS:  No objection.

7          THE COURT:  Defense?

8          MR. BIVENS:  None from the defense.

9          THE COURT:  Mr. Griggers.

10         MR. GRIGGERS:  Please the Court, Mr. Bivens.

11         (An opening statement was made on behalf of

12    the State by Mr. Griggers during which no

13    objections were made.)

14         THE COURT:  Mr. Bivens.

15         MR. BIVENS:  Please the Court, opposing

16    counsel.  Good morning, ladies and gentlemen.

17         JURORS:  Morning.

18         (An opening statement was made on behalf of

19    the defendant by Mr. Bivens during which no

20    objections were made.)

21         THE COURT:  First witness.

22         MR. GRIGGERS:  Joe Nathan Norman.

23         (No one answers.)

24         MR. GRIGGERS:  Judge, I'm not sure whether

25    he's here or not.  We got service on him.  All the

12

1    State witnesses were put in one place.

2         (Sheriff goes to check.)

3         MR. GRIGGERS:  May we approach.

4         THE COURT:  You may.

5         (Discussion held at the bench off the

6    record.)

7         (Side bar.):

8         MR. GRIGGERS:  Judge, this is the same Joe

9    Nathan Norman we tried to get to court before and

10   did not have any success in getting him to court.

11   I think we got service on him just like we did the

12   time before.  Apparently he's not here.  You

13   recall, Judge, we had entered into an agreement

14   with the defense that we would take his deposition

15   and that was in fact done.  And I will let Mr.

16   Bivens correct me if I'm wrong, but when we took

17   the deposition there was a stipulation by the

18   State and by the defense that that testimony could

19   come into evidence and that the availability of

20   Mr. Norman would not be grounds for keeping it

21   out.  We reserve the right to object to the

22   testimony and present the objection to Your Honor.

23   But as far as the testimony itself and the issue

24   of Mr. Norman's availability, that would not be

25   used to keep the testimony out.

Exhibit C

13

1      THE COURT:  Mr. Bivens?

2      MR. BIVENS:  That's correct as to the

3   stipulation.  Is he unavailable?  I thought they

4   had him in jail.

5      MR. GRIGGERS:  We can get the deposition.  I

6   didn't care if he was here or not.  We served him

7   with a subpoena.

8      THE COURT:  Is he in jail?

9      SHERIFF:  No, sir.  He was, but he's not now.

10      THE COURT:  When did you let him out?

11      SHERIFF:  I can check.

12      MR. GRIGGERS:  We offer to read the

13   transcription.  Any objection?

14      MR. BIVENS:  No.

15      THE COURT:  Ladies and gentlemen of the jury,

16   the State has called the witness Joe Nathan Norman

17   who's not available.  But you will hear his

18   testimony by deposition.  I'll tell you a

19   deposition is the testimony of a party or witness

20   taken before trial in writing under oath or

21   affirmation before some judicial officer in answer

22   to oral questions.  The deposition of the witness

23   Joe Nathan Norman will be offered and received.

24   The testimony of this witness by deposition is

25   evidence in the case just as if the witness had

14

1    appeared and testified in person.  During your

2    deliberations you should consider this testimony

3    along with all the other evidence material to the

4    issues.  All right, Mr. Griggers.  Mr. Watkins,

5    you're going to be Mr. Norman?

6        MR. WATKINS:  Yes, sir.

7        THE COURT:  All right.

8        (Questions read by Mr. Griggers, answers read

9    by Mr. Watkins):

10  Q    Could you state your name for the record, please?

11  A    Joe Nathan Norman.

12        MR. GRIGGERS (reading):  This is Greg

13    Griggers for the State of Alabama.  Let the record

14    reflect, please, that the parties, parties being

15    the State of Alabama and counsel for Tyrene Mack

16    in this case, Mr. John Bivens, have entered into a

17    stipulation and did so in open court back on

18    Monday, December 10, 2001, that the deposition of

19    Mr. Joe Nathan Norman will be taken today.  We

20    further have stipulated that the transcript of

21    this testimony will be admissible when this case

22    comes back up for trial, probably in June,

23    regardless of whether or not Mr. Norman is present

24    in court.  Is that correct as stated, Mr. Bivens?

25        MR. BIVENS:  That's correct. (Reading):  This